```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

Joseph Reid,                    )
        Plaintiff,              )
                                )
     v.                         )   C.A. No. 05-11759-GAO
                                )
Attorney General Office 132530, )
     et al.,                    )
        Defendants.             )
```

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff is granted thirty-five (35) days from the date of this Order to submit an amended complaint, or this action will be dismissed without prejudice.

### BACKGROUND

On August 23, 2005, pro se plaintiff Joseph Reid initiated the above-captioned civil action by filing a package of documents that included an application to proceed in forma pauperis, a civil action cover sheet, and eleven single-page documents, each one captioned as a "Civil Rights Complaint" (herein "complaints").[1]  Docket Nos. 1-2.  On September 30, 2005, the court granted plaintiff's application to proceed in forma pauperis.  Docket No. 3.

Collectively, the eleven "complaints" identify numerous

---

[1] Plaintiff also submitted several supporting documents: 1) a letter from Paul Revere Transportation, LLC terminating his probationary employment with the company due to a failed background check; 2) a "payment confirmation" from Security Bank; and 3) two telephone bills from Verizon.

1

defendants, most of which are federal, state and local agencies, officers or employees.  The list of defendants includes, but is not limited to, the Commonwealth of Massachusetts, the Massachusetts Attorney General's Office, the Massachusetts Commission Against Discrimination ("MCAD"), the Massachusetts Department of Social Services ("DSS"), the Everett Police Department, the Internal Revenue Service ("IRS"), the Massachusetts Department of Revenue, "Police, State, Federal & City", the "Criminal System Commonwealth," two bus companies, and "[a] lady that sicked the police on us [sic]."  See Complaints, generally.

All of the "complaints" are factually vague and fairly incoherent.  It appears that plaintiff intends to assert a broad variety of allegedly wrongful actions by defendants, including the following:  slander and retaliation by police responding to "fonny [sic]" 911 calls; termination from his bus company job(s); being forced back onto welfare; financial "attacks" by the IRS "for no reason"; the "feds intercepting our mail"; the MCAD's failure to help him get his job back; being "set-up" by "doctors, lawyers, courts, housing landlords, etc., welfare, M.C.A.D., police, judges, D.A's, I.R.S., D.O.R., Child Support..."; violation of his rights "as the father"; and "atempted kidipping [sic]" by DSS.  See Complaints pp. 1-15.  As far as the court can discern from plaintiff's sparse allegations, the matters

2

described in each individual one-page complaint are unrelated, or only tangentially related, to the matters alleged in the other one-page complaints. Moreover, the factual allegations contained in each individual one-page complaint do not always appear to relate to the defendant(s) named at the top of the page.

**ANALYSIS**

I.  Plaintiff's Claims Are Subject To Preliminary Screening Pursuant To 28 U.S.C. § 1915

Plaintiff seeks permission to proceed in this action without prepayment of the filing fee. His complaint, therefore, is subject to the screening provisions of 28 U.S.C. § 1915(e). See 28 U.S.C. § 1915 (proceedings in forma pauperis). Pursuant to Section 1915(e), a federal court can dismiss an in forma pauperis action if it lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

II. Plaintiff's Complaint Is Subject To Dismissal

Although the Court recognizes that pro se complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), plaintiff's claims in this case are nevertheless subject to dismissal. Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in his complaint, inter alia, "a short and plain statement of the claim showing that the pleader

is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard sets forth a relatively low pleading threshold, and generally, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002). Despite this relatively low pleading standard, however, a plaintiff is nevertheless required to plead "enough for a necessary inference to be reasonably drawn" regarding his claims for relief. <u>Torres-Viera v. Laboy-Alvarado</u>, 311 F.3d 105, 108 (1st Cir. 2002) (discussing pleading standard for civil rights actions).

In the present case, the "complaints", either individually or when viewed as a whole, simply do not have a discernable, coherent factual or legal theme or themes. Plaintiff's filing presents only vague, unrelated allegations, and the "complaints" almost entirely lack specific factual allegations regarding the purported wrongdoings of individual defendants. In short, the documents submitted by plaintiff do not provide the court with sufficient information regarding the specific claim(s) that he intends to raise in this action. At this juncture, plaintiff simply has not pled sufficient facts from which it could be determined that he is entitled to relief on any theory or theories of law, and accordingly, he has failed to comply with even the most minimal standards of pleading under Rule 8.

CONCLUSION

ACCORDINGLY, for the reasons set forth above, plaintiff is granted thirty-five (35) days from the date of this Order to submit an amended complaint conforming to the requirements of Fed. R. Civ. P. Rule 8(a) and setting forth more specifically the legal theory or theories under which he seeks relief, and those facts which, if proved, he believes would entitle him to relief.

Moreover, plaintiff is hereby advised that if he intends to assert more than one factually and/or legally unrelated claim, he must do so by filing a separate action for each claim, each with a complaint meeting the minimum pleading requirements of Rule 8. Further, he must, for <u>each</u> such action, either pay the $250.00 filing fee or submit a separate application to proceed <u>in forma pauperis</u>.  Failure to comply with this Order will result in dismissal of this action without prejudice.

SO ORDERED.

Dated at Boston, Massachusetts, this 10th day of March, 2006.

                                  s/ George A. O'Toole, Jr.
                                  UNITED STATES DISTRICT JUDGE